UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                        Case No.: 8:16-bk-06991-KRM
                                                                              Chapter 7
WALTER CHARLES PATRICK, III and
DANIELLE MARIE PATRICK,

    Debtors.
_____/

**NAVY FEDERAL CREDIT UNION'S VERIFIED
MOTION FOR RELIEF FROM AUTOMATIC STAY**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

    Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party-in-interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 801 North Florida Avenue, Suite 555, Tampa, FL 33602 and serve a copy on the movant's attorney, McCalla Raymer Pierce, LLC, 110 S.E. 6th Street, Suite 2400, Ft. Lauderdale, FL 33301, and any other appropriate persons within the time allowed.

    If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

    Navy Federal Credit Union (the "Secured Creditor"), its successors and/or assigns, as a secured creditor of the bankruptcy estate of Walter Charles Patrick, III and Danielle Marie Patrick (the "Debtors"), seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d), and in support thereof, states as follows:

    1.    <u>Debtors' Bankruptcy Case</u>.  On August 15, 2016, the Debtors filed the above-captioned Chapter 7 bankruptcy case.

    2.    <u>Jurisdiction</u>.  Jurisdiction of this matter is properly before this Court pursuant to

28 U.S.C. § 1334 and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

3. <u>The Note and Mortgage.</u> On June 27, 2014, the Debtor, Walter C Patrick III, executed and delivered a note (the "Note") in the principal amount of $159,249.00, which is secured by a mortgage (the "Mortgage"). The Mortgage was executed by Walter C Patrick III and Danielle M Patrick. The Mortgage is recorded in Official Records Book 9287 at Pages 2112-2131, of the Public Records of Polk County, Florida. A copy of the Mortgage, together with the Note and any applicable are attached hereto as **Exhibit A, B.**

4. <u>Collateral.</u> Secured Creditor is entitled to enforce the Note and Mortgage, which are secured by the real property (the "Property") located at 415 Majestic Gardens BV, Winter Haven, Florida 33880 and further described as follows:

> LOT 1 OF GARDENS PHASE ONE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 137, AT PAGES 23 AND 24, OF THE PUBLIC RECORDS OF POLK COUNTY, FLORIDA.

5. <u>Secured Creditor's Claim.</u> The Debtors owe Secured Creditor an outstanding principal balance of $156,381.70, plus applicable interest, penalties, fees and costs, and has/have defaulted by failing to make the payment due on August 1, 2015, and all subsequent payments due thereafter.

6. <u>Relief Requested.</u> Secured Creditor requests the entry of an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to permit Secured Creditor to enforce all of its <u>in rem</u> remedies against the Property pursuant to the Note and Mortgage. The requested relief should be granted for the following reasons:

- The Debtors have no equity in the Property, as evidenced by the Debtors' Schedule A, which lists the value of the Property at $150,000.00. This amount is less than the outstanding amount due to Secured Creditor pursuant to the Note and Mortgage.

- Since the instant case is a Chapter 7 bankruptcy, the Property is not necessary to an effective reorganization;

- The Debtors' Statement of Intention indicates the Property is being surrendered;
- Interest continues to accrue; and
- Property taxes continue to accrue.

8. <u>Loss Mitigation</u>. Secured Creditor requests it be permitted to contact the Debtors regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements.

9. <u>Request for Hearing in 30 Days</u>. In the event a timely objection is filed in response to the instant motion, Secured Creditor requests that a hearing be held within thirty (30) days.

10. <u>Request for Attorney's Fees and Costs</u>. Secured Creditor requests attorney's fees in the amount of $450.00 and costs of $176.00, as a result of filing the instant motion.

11. <u>Request for Waiver of 14-Day Stay of Relief</u>. Secured Creditor requests that the 14 day stay, pursuant to Fed. R. Bankr. P. 4001(a)(3), be waived.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

Wherefore, Secured Creditor requests the entry of an order modifying the automatic stay and for such other and further relief as the Court deems just and proper.

                    McCalla Raymer Pierce, LLC

By:    */s/Ashley Prager Popowitz*
        Ashley Prager Popowitz
        Florida Bar No. 72341
        Attorney for Creditor
        110 S.E. 6th Street, Suite 2400
        Ft. Lauderdale, FL 33301
        Phone: 754.263.1065
        Fax: 754.263.1065
        Email: ashley.popowitz@mrpllc.com

**VERIFICATION**

The undersigned _Dal Hardy_ (name of witness), as the _Bankruptcy Specialist_ (title/position of witness) of Navy Federal Credit Union; hereby declares under penalty of perjury that:

(i) I have personal knowledge of the business books and records of Navy Federal Credit Union;

(ii) Based on my review of the business books and records of Navy Federal Credit Union, the information and allegations set forth in paragraphs 3 through 5 above, are true and correct to the best of my knowledge; and

(iii) The documents attached hereto as **Exhibit A, B** are true and correct copies of the originals.

_____
Name and Title of Witness
_Bankruptcy Specialist_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  September 15, 2016 , a true and correct copy of the foregoing was served by U.S. Mail, First Class, and/or electronic transmission to: Walter Charles Patrick, III, *Debtor*, 203 Brunson Drive, Pickens, SC 29671; Danielle Marie Patrick, 203 Brunson Drive, Pickens, SC 29671 and those parties receiving CM/ECF service.

- Ashley Prager Popowitz    Ashley.popowitz@mrpllc.com, FLBKECF@mrpllc.com
- Thomas D. Pulliam    pulliamaty@aol.com
- Beth Ann Scharrer    bscharrertrustee@gmail.com, fl28@ecfcbis.com;bas1@trustesolutions.net
- United States Trustee - TPA7/13    USTPRegion21.TP.ECF@USDOJ.GOV

By:    /s/*Ashley Prager Popowitz*
Ashley Prager Popowitz